# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

        Plaintiff,

v.                                                  Case No: 6:14-cr-43-Orl-41DCI

**BLAYNE S. DAVIS**

        Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Motion for Appointment of Counsel (Doc. 312) |
| **FILED:** | May 15, 2017 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

## I. BACKGROUND.

On February 26, 2014, a grand jury sitting in the Middle District of Florida returned an indictment charging Defendant Blayne S. Davis (Defendant) and Donovan G. Davis, Jr. with conspiracy, mail fraud, wire fraud, and money laundering. Doc. 1. On July 28, 2014, Defendant pleaded guilty pursuant to a cooperation plea agreement to conspiracy to commit mail and wire fraud. Docs. 64; 65. In fact, according to the government's motion for downward departure, Defendant cooperated more than a year prior to indictment and with the assistance of counsel. Doc. 84 at 6. On October 8, 2014, the Court granted the government's motion to recognize

Defendant's substantial assistance, and sentenced Defendant to 108 months in prison, deferring the calculation of restitution pending a further hearing. Doc. 89.

On October 29, 2014, following a stipulation as to restitution, the Court entered judgment as to Defendant, sentencing him to 108 months' imprisonment, 3 years' supervised release, and restitution of $13,215,874.75. Doc. 101. Defendant, who was represented by counsel, did not appeal his conviction or sentence. Further, Defendant did not file a motion pursuant to 28 U.S.C. § 2255 seeking to collaterally attack his plea, conviction, or sentence.

However, on November 16, 2017, almost two years after his conviction became final, Defendant sought to amend his presentence investigation report (PSR). Doc. 264. And, the next day, Defendant filed a motion seeking to compel performance of his plea agreement, reduce his sentence pursuant to Amendment 791 to the United States Sentencing Guidelines, and have the Court reconsider providing Defendant credit pursuant to USSG §5G1.3 (the Motion to Reduce Sentence). Doc 266. In both motions, Defendant sought reductions to his sentence.

On April 5, 2017, the Court entered an Order denying Defendant's motion to amend his PSR. Doc. 294. The Court found that there was no legal basis to modify Defendant's term of imprisonment, which was the actual goal of the motion, and that Defendant was bound by his prior statements, under oath, that he had no objections to the PSR. *Id*.

On May 3, 2017, the Court entered an Order denying the Motion to Reduce Sentence. Doc. 300. The Court again found that there was no legal basis to modify Defendant's sentence and that, in any case, Amendment 791 did not reduce Defendant's guidelines range based upon the stipulated amount of loss in the plea agreement. *Id*.

On May 15, 2017, Defendant filed a notice of appeal. Doc. 311. In the notice of appeal, Defendant sought to appeal the Order (Doc. 300) denying the Motion to Reduce Sentence (Doc.

266). Doc. 311. The notice of appeal did not specify the nature of the Court's alleged error that Defendant sought to appeal. *Id*. Defendant has neither paid the filing fee for his appeal, nor made any motion to proceed *in forma pauperis*.

That same day, May 15, 2017, Defendant filed a Motion to Appoint Counsel, which motion is now before the undersigned. Doc. 312. In the Motion to Appoint Counsel, Defendant requests that the Court appoint counsel (specifically, the appellate division of the Office of the Federal Defender) to assist him in pursuing his appeal of the Court's Order (Doc. 300) denying the Motion to Reduce Sentence (Doc. 266). Doc. 312. The Motion to Appoint Counsel did not specify the nature of the Court's alleged error that Defendant sought to appeal. *Id*. In the Motion to Appoint Counsel, Defendant states that he has a right to appointed counsel "as a matter of law . . . on direct appeal." *Id*.

Defendant is correct that he has a right to appointed counsel on direct appeal. But Defendant does not have a right to the appointment of counsel to assist him in his sought-after appeal of post-conviction motions filed after direct appeal (or, as here, after the time for direct appeal has passed). *See United States v. Berger*, 375 F.3d 1223, 1226 (11th Cir. 2004) (noting "that defendants have a Sixth Amendment right to counsel on direct appeal, but not when they collaterally attack their sentences.") (citing *Hill v. Jones,* 81 F.3d 1015, 1024 (11th Cir.1996)); *see also United States v. Diaz*, 629 F. App'x 858, 861 (11th Cir. 2015) (upholding district court's decision not to appoint counsel in a case that "was not particularly complex" and noting that: "We have held that there is no statutory or constitutional right to counsel for § 3582(c)(2) motions.").

Indeed, Defendant, who was represented by counsel when he pleaded guilty and at sentencing, did not take a direct appeal. Nor did Defendant file a timely (or any) § 2255 motion collaterally attacking his plea, conviction, sentence, or the lack of a direct appeal. Instead, almost

3

two years after his conviction became final, Defendant sought to reduce his sentence by various motions directed to his PSR, the guidelines calculation therein, and his plea agreement.  Docs. 264; 266.

What is conspicuously missing in Defendant's motions (Docs. 264; 266; 312), including the Motion to Appoint Counsel (Doc. 312), is any basis in law to allow Defendant the relief he ultimately seeks - a modification of his sentence.  In determining whether to exercise its discretion to appoint counsel in this context, the Court should consider the complexity of the issues Defendant seeks to appeal.  *See Berger*, 375 F.3d at 1227 ("[T]he decision of whether [the defendant] should have received appointed counsel was left to the discretion of the district court.").  Here, the issues are not complex, and Defendant makes no assertion that they are; Defendant simply states that he is entitled to counsel as a matter of law.  Doc. 312 at 2.  Further, Defendant's arguments in the underlying Motion are without merit.  Defendant's *pro se* motions, which he has now begun filing years after his conviction, simply state no valid basis to reduce Defendant's sentence.  *See* Docs. 294; 300.  His motions are frivolous; and any appeal taken from the denial of those motions, including the Order (Doc. 300) denying the Motion to Reduce Sentence, is, thus, not taken in good faith.  Accordingly, although the Court has the discretion to appoint counsel for the purposes of the sought-after appeal, the undersigned respectfully recommends that the Court *not* exercise its discretion to appoint counsel as requested by Defendant.

Accordingly, it is **RECOMMENDED** that the Motion to Appoint Counsel (Doc. 312) be **DENIED**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 30, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant