UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: No. 6:14-cr-00043-CEM-DCI |
| Plaintiff, | ) PLEADING DEFENDANT BLAYNE DAVIS'S MOTION TO REDUCE SENTENCE BY 21 DAYS PURSUANT TO §3624 |
| vs. | ) |
| BLAYNE DAVIS, | ) |
| Defendant(s) | ) |

Defendant Blayne Davis ("Davis") respectfully submits this motion for a sentence reduction pursuant to 18 U.S.C. §3624(b)(1). For the reasons discussed below Davis qualifies, and the Court has the power to reduce his sentence.

## BACKGROUND

Upon pleading guilty pursuant to a plea agreement in the Middle District of Florida, Davis was convicted of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §1349. On October 8, 2014, Davis was sentenced to 108 months of imprisonment to be followed by three years of supervised release. (Doc. 89).

## DISCUSSION

On December 21, 2018, President Trump signed the First Step Act into law. The law, among other things, modified §3624 (b) (2) so that,"...a prisoner who is serving a term of imprisonment of more than 1 year [,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of prisoner's sentence of up to 54 days for each year of prisoner's sentence imposed by the court, subject to determination by the

Bureau of Prisons, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."

At the time of indictment for this case, Davis was serving a related – as determined by the Eleventh Circuit Court of Appeals – 36-month sentence for a wire fraud conviction in the case of *United States v. Davis, 6:10-cr-00190-ACC-GJK* (MDFL). As required by the Federal Rules of Criminal Procedure, Davis was brought before this Court for arraignment on this case and discharged the custodial portion of the 36-month sentence in Seminole County. During this time, Davis was actively litigating a Section 2255 on the first conviction. A COA issued for briefing before the Eleventh Circuit but prior to briefing the Government sought to dismiss the action as moot because the custodial portion of Davis's 36-month sentence had expired. In agreeing with Davis, the Court ruled:

"The government's motion to dismiss Davis's appeal as moot is denied. Although Davis completed his 36-month prison term while his §2255 was pending in the district court, he remains incarcerated under a different federal sentence in a separate criminal case and has not yet served his three-year term of supervised release in this case. Thus, Davis's total sentence has not yet expired, and his appeal of the district court's denial of his §2255 motion to set aside that total sentence is not moot." (Davis v. United States, 6:12-cv-01870- ACC-GJK/Appeal Number: 16-10645)

1. Davis Is Serving Two Undischarged Federal Sentences and Is Eligible For 21 Days of Additional Time Credit.

As it relates to the awarding of time credits for the 9-year sentence imposed by this Court, that reduction was made by the BOP in response to multiple letters Davis sent the BOP. The additional 21-day reduction Davis seeks via this motion only pertains to the undischarged 36-month sentence, as referenced above, and is authorized by the retroactive portion of the First Step Act of 2018 that modified good time from 47 to 54 days per year.

2. Davis's Plea Agreement Does Not Preclude This Reduction.

Davis's plea agreement does not preclude a sentence reduction based upon new laws made retroactive.

3. Davis's Eligibility Is Not In Question.

Davis was previously given the maximum of 47 days for good conduct under the old law. Davis's conduct while in prison – now entering the eighth year – has been exemplary. Davis has not received a single disciplinary report throughout his entire term of imprisonment and has been determined by the BOP as minimal security risk.

4. Davis Has Exhausted the BOP's Administrative Remedy Process.

The BOP is confused. Davis went through the administrative process as required when bringing a motion before the sentencing court challenging the execution of a sentence. The response received by Davis only confirmed what he already knew – that his GCT (Good Conduct Time) release was adjusted to 2/5/2022 for the sentence imposed on this case. This missed the point entirely and is precisely the kind of bureaucratic delay that prompted Congress to give inmates the right to go the Court after 30 days. 18 U.S.C. §3582(c)(1)(A).

WHEREFORE, Davis respectfully requests the entry of an Order stating the following:

1. The Bureau of Prisons shall credit Blayne Davis, BOP inmate number 71521-279 with 21 days of time credit for his service of 36 months of imprisonment in *United States v. Davis, 6:10-cr-00190-ACC-GCK*.

Respectfully submitted,

[signature]

11/25/2019

Blayne Davis, Pro Se

Blayne Davis, 71521-279
FPC Pollock
POB 2099
Pollock, LA 71467

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on this date by first class mail as indicated below on the following counsel:

Anthony Quinn
US Attorney's Office
555 Fourth Street NW
Suite 5243
Washington, DC 20530

Dated: 11/25/2019

_____
BLAYNE DAVIS